UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY YABLONSKY, CDCR #AL-0373,<br><br>                            Plaintiff,<br><br>v.<br><br>ALFORD, Teacher, et al.,<br><br>                           Defendants. | Case No.: 23-cv-2235-RSH-JLB<br><br>**ORDER DENYING MOTION FOR RECONSDIERATION**<br><br>[ECF No. 12] |

Before the Court is the Plaintiff's "Objection to Judgment" [ECF No. 12], which the Court liberally construes as a motion for reconsideration. For the reasons below, the Court denies Plaintiff's motion.

**I.    BACKGROUND**

On December 4, 2023, Plaintiff John Henry Yablonsky, a state inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He claimed that while housed at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendants negligently and in violation of the Eighth Amendment failed to protect him from exposure to Covid-19, provided less access to the law library than other inmates in violation of equal protection under the Fourteenth Amendment, and falsely charged him

with a disciplinary infraction in retaliation for filing complaints against them in violation of the First Amendment. *Id*. at 8–20. On December 18, 2023, the Court dismissed this action without prejudice for failure to satisfy the filing fee requirement. ECF No. 2. Plaintiff thereafter filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 3.

On February 29, 2024, the Court granted Plaintiff leave to proceed IFP and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). ECF No. 6. The Court found the Complaint did not state an Eighth Amendment failure to protect claim because it did not specify what actions any individual Defendant took or failed to take that amounted to deliberate indifference to a risk of exposure to Covid; failed to state an equal protection claim because Plaintiff did not allege he is a member of a protected class or was provided less access to the law library than similarly situated individuals without a rational basis for the difference in treatment; and failed to state a retaliation claim as he did not allege a retaliatory motive or that the disciplinary action failed to advance a legitimate correctional goal. *Id*. at 5–11. The Court declined to exercise supplemental jurisdiction over a state law negligence claim and granted leave to amend. *Id*. at 12. On April 4, 2024, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 7.

On April 30, 2024, the Court screened the FAC and found it again failed to state an Eighth Amendment claim because it once again failed to plausibly allege any personal participation by any Defendant in failing to enforce the Covid safety protocols at RJD; was once again conclusory with respect to what protocols were not followed or why Plaintiff claims they caused him to contract Covid; once again failed to state an equal protection claim because it failed to allege Plaintiff is a member of a protected class or was treated differently than similarly situated individuals without a rational basis for the difference; and once again failed to state a retaliation claim because it failed to plausibly allege a retaliatory motive or that the Defendants' actions did not reasonably advance a legitimate correctional goal. ECF No. 8 at 3–10. After notifying Plaintiff of those deficiencies of his pleading, the Court provided him a final opportunity to amend. *Id*. at 10.

///

On May 20, 2024, Plaintiff filed a Second Amended Complaint ("SAC"). ECF No. 9. On May 24, 2024, the Court dismissed the SAC after finding it failed to state a 42 U.S.C. § 1983 claim for relief for the same reasons the prior versions of the complaint failed to state a claim. ECF No. 10. Because it was clear Plaintiff could not state a 42 U.S.C. § 1983 claim for relief, the SAC was dismissed without further leave to amend and a final judgment of dismissal was entered. ECF No. 11.

On June 10, 2024, Plaintiff filed an Objection to the Court's final dismissal order seeking reconsideration of that Order, in which he disagreed with the Court's determination that his allegations failed to state a claim upon which relief could be granted. ECF No. 12 at 1–4. On August 5, 2024, Plaintiff filed a Notice of Appeal. ECF No. 13. The Ninth Circuit has indicated the appeal is being held in abeyance pending this Court's ruling on Plaintiff's Objection. ECF No. 16.

## II.   ANALYSIS

Where the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment), or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). In addition, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part[.]" S.D. Cal. CivLR 7.1(i)(1). Plaintiff's Objection, which the Court will liberally construe as a motion for reconsideration, is timely under both Local Rules 7.1(i) and Rule 59(e) because it was submitted within 28 days of entry of judgment. *See* S.D. Cal. CivLR 7.1(i)(2); Fed. R. Civ. P. 59(e).

///

  Because Rule 59(e) does not list specific grounds for a motion to amend or alter, the district court has discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011), citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam). Nevertheless, a motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Calderon*, 197 F.3d at 1255. Further, "[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111. Because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc.*, 229 F.3d at 890 (internal quotation marks omitted).

  Ordinarily, a plaintiff may not use a Rule 59(e) motion to present arguments or raise claims that could have been presented earlier. *See Kona Enterprises, Inc.*, 229 F.3d at 890. Federal Rule of Civil Procedure 15(a) provides that leave to amend be freely given whenever justice so requires, and "a district court should grant [a pro se litigant subject to § 1915(e)(2) screening] leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). The Court found in its final dismissal Order that the deficiency of the Complaint, FAC and SAC could not be cured by additional allegations, and Plaintiff has presented no argument or new allegations

which challenge that finding, merely a disagreement with the Court's legal determination, which is insufficient to provide relief under Rule 59(e). *See Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301–02 (S.D. Cal. 2014) ("A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision.").

In addition, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part[.]" S.D. Cal. CivLR 7.1(i)(1). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*. Plaintiff has made no such showing.

## III.  CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's motion. ECF No. 12. The Clerk of Court is directed to notify the U.S. Court of Appeals of this Order. *See* Fed. R. App. P. 24(a)(4).

**IT IS SO ORDERED**.

Dated: October 25, 2024

_____
Hon. Robert S. Huie
United States District Judge